UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>MARK FALK<br>UNITED STATES MAGISTRATE JUDGE | USPO & COURTHOUSE<br>1 FEDERAL SQ., ROOM 457<br>NEWARK, NJ 07101<br>(973) 645-3110 |

March 5, 2008

**LETTER OPINION**

Mr. Charles A. Leamer
C-0677, SBI # 445510A
Adult Diagnostic and
Treatment Center
8 Production Way
Avenel, New Jersey 07001

Sarah B. Campbell, Esq.
Deputy Attorney General
Office of the Attorney General
Department of Law and Public Safety
Division of Law
25 Market Street
Trenton, NJ 08625

    Re:    **Charles A. Leamer v. William H. Fauver, et al.**
             **Civil Action No. 95-5105 (GEB)**

Dear Litigants:

    Before the Court are briefs related to plaintiff pro se Charles A. Leamer's request for the disclosure of certain confidential discovery materials. As set forth below, the Court concludes that plaintiff is entitled to previously withheld psychological evaluations, therapy reports, investigative materials, and treatment records.

    Prior opinions have discussed the background of this case in detail. See Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002); Leamer v. New Jersey, 2007 WL 213964 (D.N.J. July

24, 2007). Only the most relevant facts are repeated here.

Plaintiff filed his initial complaint alleging violations of 42 U.S.C. § 1983 in October 2005. Plaintiff challenged his initial placement in the prison's Restricted Activities Program ("RAP") and a litany of resulting circumstances. The Court dismissed the complaint in its entirety on January 30, 1998. Plaintiff appealed, and the Third Circuit reversed on April 19, 2002. See Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002).

Following remand, plaintiff filed an amended complaint, asserting the same primary claims as the initial complaint. Thereafter, the parties completed discovery and filed cross-motions for summary judgment. On January 25, 2006, the Court entered an Order permitting defendants to file certain exhibits to their summary judgment motion under seal because the exhibits contained confidential evaluations, records and other documents. Due to the sensitive nature of these documents, they were disclosed to plaintiff's counsel on an attorneys' eyes only basis. On March 2, 2006, plaintiff's then-counsel, James A. Plaisted, Esq., filed a motion to amend the Order to allow plaintiff to review the medical evaluations and records. Following a hearing on the record, the Court denied the motion on May 26, 2006.

Chief Judge Brown granted in part and denied in part the parties' summary judgment motions on July 24, 2007. Among the issues that remain are: the propriety of plaintiff's initial placement in RAP; the duration of time plaintiff was kept in RAP; and whether plaintiff received adequate therapeutic treatment during his time in RAP. (Opinion, dated July 24, 2007, at 22.)

After the motions for summary judgment were decided, the Court attempted to conduct settlement negotiations, which were unsuccessful. Following the failed attempts to resolve the case, the Court granted plaintiff's and counsel's request to relieve Mr. Plaisted as plaintiff's attorney on January 2, 2008. The January 2nd Order also directed defendants to provide their position on the disclosure of confidential discovery materials to Mr. Leamer, now a pro se litigant.

Defendants submitted their position papers on January 10, 2008. On January 28, 2008, plaintiff submitted a response. A brief summary of the parties' arguments follows.

Defendants contend that N.J.A.C. 10A:22-2.7 prohibits the release of mental health records to inmates. In addition, defendants note that investigative reports are not disclosed to inmates due to administrative and security concerns. Defendants request that the Court conduct a balancing test, weighing plaintiff's need for the materials against defendants' interest in confidentiality. In support of their argument, defendants submit the Declaration of Dr. Nancy Graffin, who is the clinical supervisor of the Adult Diagnostic Treatment ("ADTC") program. (Declaration of Nancy Graffin ("Graffin Decl.") ¶ 2.) Dr. Graffin's affidavit states that if treatment records and materials are disclosed to inmates, therapists may be reluctant to document potentially provocative details or issues. (Id. ¶ 4.) In addition, Dr. Graffin opines that disclosure could jeopardize the safety of staff members who have portrayed an inmate in what the inmate believes to be a negative light. (Id. ¶ 7.)

Although defendants concede that the records "may be material to the question of why [plaintiff] was placed in RAP," they contend that plaintiff is "not qualified as an expert to

3

challenge therapists' opinions and evaluations." (Defs.' Br. 5-6.) Therefore, defendants assert that plaintiff has not shown a need for the documents that outweighs their confidentiality interests.

In response, plaintiff argues that he requires the documents at issue to "glean from their pages the information necessary to ensure exposure of the true facts underlying this action to both the Court and to the jury who will be hearing the case, and thereby advance a full and complete representation of the events . . . ." (Pl.'s Br. 7.) Plaintiff further argues that many of defendants' concerns are illusory. (Pl.'s Br. 8.) According to plaintiff, patient reviews at the ADTC are often conducted face-to-face, resulting in a detailed discussion of therapists' observations and conclusions. Despite this personal interaction, plaintiff states that he is not aware of a single instance of an inmate becoming violent in this context. (Pl.'s Br. 9.) Finally, plaintiff notes that he has been in possession of lightly redacted investigative reports for approximately ten years without incident. (Pl.'s Br. 17.)

The parties' cross-motions for summary judgment have been decided and the case is being prepared for trial. Plaintiff will try the case pro se. As a threshold matter, the Court finds, and defendants concede, that the information plaintiff seeks is relevant. See Fed. R. Civ. P. 26(b)(1) (discovery is permitted of any matter, relevant to the claim or defense of any party, that is not privileged); see also Oppenheimer Funds v. Sanders, 437 U.S. 340, 351 (1978) (stating that relevant discovery includes "any matter that bears on or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"). Therefore, the Court will proceed to address the parties' arguments.

First, defendants' argument that N.J.A.C. 10A:22-2.7 precludes the disclosure of medical records to inmates is not persuasive. In <u>J.D.A. v. New Jersey Department of Corrections</u>, 189 N.J. 413 (2007), the New Jersey Supreme Court directed the New Jersey Department of Corrections ("NJDOC") to "expeditiously enact comprehensive rules and regulations . . . that must include . . . a procedure to which an inmate may, within a reasonable period of time after a request, access medical records . . . ." <u>Id.</u> at 418-19. This mandate resulted in the NJDOC issuing proposed amendments to N.J.A.C. 10A:22-2.7, which remain pending. <u>See</u> 39 N.J.R. 2583(c). If adopted as written, the proposed amendments would permit the disclosure of mental health records to inmates pursuant to court order. <u>Id.</u> These amendments weaken defendants' argument.

More important here, the final text of N.J.A.C. 10A:22-2.7 is not especially pertinent. This regulation binds corrections personnel in New Jersey. It does not serve as a guide for document production in federal civil litigation. <u>See</u> <u>Stasicky v. South Woods State Prison</u>, No. 03-369, 2006 WL 3486827, at *4 (D.N.J. November 30, 2006). Indeed, at least two courts in this district have rejected N.J.A.C. 10A:22-2.7 as a basis to withhold relevant medical records and materials. <u>See</u> <u>Skinner v. Ashan</u>, No. 04-2380, 2007 WL 708972, at *3 (D.N.J. March 2, 2007); <u>Stasicky</u>, 2006 WL 3486827, at *3-4 (rejecting regulation in the context of mental health records).

Second, defendants' suggested balancing analysis fails to account for the imbalance that would occur if plaintiff were forced to prosecute his case—a case involving contested issues over plaintiff's placement and treatment—without any access to relevant documents

5

and information.

Defendants oppose the disclosure of records based on a balancing of factors similar to those contained in N.J.A.C. 10A:22-2.7(g). The factors defendants offer include: (1) the impairment of the inmate evaluative process; (2) the chilling effect on therapists; (3) the safety of therapists; and (4) the security and orderly operation of the facility. (Defs.' Br. 5; Graffin Decl. ¶¶ 6-7); see also N.J.A.C. 10A:22-2.7(g). Balancing these factors against plaintiff's request, defendants contend there is good cause to preclude plaintiff from reviewing the mental health records and reports. This may be true in some cases. However, it has not been demonstrated to be the case here.

The Court is sympathetic to defendants' concerns and takes them very seriously. However, to establish good cause the moving party must show that "disclosure will cause a clearly defined and serious injury." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 778 (3d Cir. 1994). "'Broad allegations of harm, unsubtantiated by specific examples or articulated reasoning' do not support a good cause showing." Id. (quoting Cipollone v. Ligget Group, 785 F.2d 1108, 1121 (3d Cir. 1986)). Defendants' assertions of harm are scant and conclusory. There are no specific examples of harm contained in defendants' papers or Dr. Graffin's affidavit. In similar cases in this district, courts have rejected non-specific assertions of confidentiality and harm as bases for withholding medical records and information from incarcerated plaintiffs proceeding pro se. See Skinner, 2007 WL 708972, at *3; Stasicky, 2006 WL 3486827, at *3-4.

Moreover, a party is generally entitled to review all information relevant to his case.

6

See Stasicky, 2006 WL 3486827, at *4 ("[T]he court notes that 'the law is clear that presentation of evidence without prior disclosure [to an opposing party] is not permitted as a basis for disposition on the merits.'" (quoting Pack v. Beyer, 157 F.R.D. 219, 222 (D.N.J. 1993))).[1]  Defendants attempt to minimize this point by stating that plaintiff is not an expert qualified to challenge therapists' determinations.  This argument simply misses the mark.  There is a fundamental unfairness in requiring plaintiff to proceed to trial on his claims—claims which have survived scrutiny by the Third Circuit and summary judgment—without reviewing relevant available evidence.  The materials in dispute are, as defendants admit, relevant to issues in this case.  Absent a showing of good cause, plaintiff is entitled to review them.

Finally, at least some of the documents at issue have already been discussed with plaintiff, and, in some instances, are in his possession in redacted form.  For example, throughout plaintiff's time at the ADTC, he has had participated in semi-annual reviews of his mental condition, progress and treatment.  (Pl.'s Br. 9.)  In short, it appears likely that much of the information contained the reports has already been provided to plaintiff, albeit orally.  Similarly, plaintiff already possesses many (if not all) of the relevant investigative reports with minor redactions.

In sum, there is no information before the Court that supports defendants' argument

---

[1] In certain limited, extreme circumstances the submission of ex-parte evidence may be appropriate.  See Pack, 157 F.R.D. at 222-25 (discussing situations where ex-parte evidence may be proper).  No such circumstances are present here.  Indeed, not only have defendants failed to argue that extraordinary circumstances exist, they have failed to argue that the discovery materials are privileged at all.

7

that providing the discovery materials will pose a security risk or impair the evaluative process. On the contrary, plaintiff is proceeding to trial and is entitled to review information relevant to his claims. On the record before the Court, a balancing of the competing interests weighs in favor of disclosure. However, given the compelling security concerns alluded to by defendants, the Court would consider a short notice application by defendants as to any document whose production would cause a specific and unavoidable harm in this somewhat unusual case. Absent such a showing, defendants are directed to provide plaintiff with complete copies of all previously withheld psychological evaluations, investigative reports and treatment records.

      **SO ORDERED.**

                                              S/Mark Falk
                                              **MARK FALK**
                                              **United States Magistrate Judge**

Orig.: Clerk of the Court
cc:    Hon. Garrett E. Brown, Jr., U.S.D.J.
       All Parties
       File