NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHARLES A. LEAMER, JR., | )<br>)<br>) |
| Plaintiff, | )<br>)   Civil Action No. 95-5105 (GEB) |
| v. | )<br>)   **MEMORANDUM OPINION** |
| THE STATE OF NEW JERSEY, et al., | )<br>) |
| Defendants. | )<br>) |

**BROWN, Chief Judge**

This matter comes before the Court on a Motion for a Preliminary Injunction and Temporary Restraining Order of pro se Plaintiff Charles A. Leamer against Defendants the State of New Jersey, the Adult Diagnostic and Treatment Center in Avenel ("ADTC"), William F. Plantier, Scott Faunce, Grace Rogers, Deborah Faunce, Essie Williams, Michael Mancuso, William Blake, Charles Anderson, Brian Marsh, Waymon Benton, Linda Gorman, Pat Deming, Joseph Reiher, Wayne Sager, Donna Klipper, George Blaskewicz, Michelle M. Levi, Dorothy Ward, Lawrence Turek, Jeffrey Allen, and Nancy Graffin, individually and in their original capacities, (collectively, "Defendants"), and "all other persons in active concert or participation with them, with particular regard to the following ADTC officials and staff; Mr. Bernard J. Goodwin, Administrator of the ADTC; Ms. Melissa Matthews, Planning Associate, ADTC Administrative Staff; Ms. Carole Gerstenbluth, Assistant Supervisor of Education and Supervisor of Inmate Legal Services of the ADTC; and Mrs.

Carine Polcaro, the ADTC's Law Librarian (collectively, "ADTC agents")."[1] The Court has read and considered the parties' submissions, and the Court has made its decision without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order is dismissed.

I.      BACKGROUND

This matter arises in the context of a suit brought pursuant to 42 U.S.C. § 1983 by Plaintiff against Defendants regarding his treatment while incarcerated at the ADTC. In preparing materials related to that litigation, Plaintiff alleges that Defendants and the ADTC agents impeded Plaintiff's "right of access to the Courts under the First Amendment" and, as a result, Plaintiff filed this motion "to ensure that plaintiff is provided adequate legal services and access to the Courts to enable plaintiff to present his witnesses at trial and to present his evidentiary materials and other indispensable submissions in an effective and meaningful manner during the prosecution of plaintiff's primary action." (Docket Entry No. 156-4 at 7.)

As has been observed in the Court's previous written opinions, Plaintiff is an inmate in the ADTC, and is serving an indeterminate term of incarceration for rape and assault with attempt to rape. Plaintiff filed the instant civil action, to which Plaintiff refers as the "primary action," on October 4, 1995, and it was dismissed on January 30, 1998. However, in 2003, the Third Circuit reversed the dismissal and reinstated the civil action, holding that Plaintiff properly challenged conditions of confinement under § 1983, that he maintained a liberty interest in treatment that could

---

[1] The Court labels these individuals separately because it is not clear to the Court that these parties have been properly joined in this action or that they were given notice of this motion. (See Docket Entry No. 156-1.)

therefore sustain his procedural and substantive due process claims, and that the alleged "pro forma" reviews that were not based on actual medical evaluations of Plaintiff could constitute a violation of procedural due process.  See Leamer v. Fauver, 288 F.3d 532 (2002).

      Given this matter's long procedural history and this Court's written opinion and order dated July 24, 2007, the Court will only repeat the facts relevant to the instant motion.  Plaintiff alleges that Defendants and the ADTC agents have obstructed his ability to make photocopies that he needed in respect to his § 1983 action in that he "submitted a written request to Ms. Gerstenbluth, for special photocopying services of more than 1200 pages of evidentiary materials" on March 20, 2008, and that they did not allow him to make the photocopies until he persisted with his request via various letters to and meetings with people in the library, and until after he filed an official complaint on April 15, 2008, regarding the lack of prompt photocopying services, and until thereafter, on April 12, 1008, he administratively appealed the dismissal of his complaint, and until after he filed the instant motion.  Plaintiff also alleges that he was not able to obtain current addresses of former ADTC staff to serve them with subpoenas to appear as witnesses at the trial. Plaintiff alleges that he has "never received any response, either written or verbal . . . regarding [his] requests for current address information" of former ADTC staff that Plaintiff intends to call as witnesses in his trial, and that he has "never received any written response to [his] administrative appeal" and that he has "not received any further communications from staff regarding having my evidentiary package photocopied." (Docket Entry No. 156-4 at 18.)  Plaintiff filed this motion for relief on July 2, 2008.

      In opposition, the State, on behalf of all Defendants and the ADTC agents, states that on July 4, 2008, "Plaintiff was provided with an opportunity to make his requested photocopies of his alleged confidential materials." (Docket Entry No. 158 at 5.) The State also points out that "Plaintiff

signed an acknowledgment that he . . . received those photocopy services and had made all necessary copies as of that date." (Id.)  Finally, the State argues that "Plaintiff has presented no evidence that he has requested and [been] refused addresses of any former ADTC employees."  (Id. at 6.)

Plaintiff filed his response to the State's opposition on August 1, 2008.  (Docket Entry No. 161.)  Plaintiff acknowledged in his reply letter brief that he was able to make the photocopies about which this motion is based, but that he still had not received the addresses of the former employees.

II.     DISCUSSION

   A.     Standard of Review

In deciding whether to issue a preliminary injunction, a court must consider: (1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest.  Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co., 290 F.3d 578, 586 (3d Cir. 2002); Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187, 191-92 (3d Cir. 1990).  The court should grant the preliminary injunction only if there is evidence sufficient to show that all four factors favor preliminary injunction.  Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.,42 F.3d 1421, 1427 (3d Cir. 1994), cert. denied, 514 U.S. 1103 (1995).  The decision to grant or deny the motion lies within "the sound discretion of the district judge, who must balance all of these factors in making a decision."  Kershner v. Mazurkiewicz, 670 F.2d 440, 443 (3d Cir. 1982). Injunctive relief is an extraordinary remedy that should be granted only in limited circumstances. Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988).  This is

especially the case for preliminary injunctions because at that early stage of the litigation, the factual record has not yet been fully developed. Winback & Conserve Program, Inc., 42 F.3d at 1427. Moreover, "[w]hen the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for a preliminary injunction and the proceeding is not subject to any special requirements." 11A Charles Alan Wright et al., Federal Practice and Procedure § 2951.

However, as a starting premise, an actual controversy must at all times exist so as to survive dismissal for being moot. A federal court can raise the issue of mootness on its own at any stage of the case. See, e.g., North Carolina v. Rice, 404 U.S. 244, 246 (1971). Indeed, "'to satisfy Article III's case or controversy requirement, an action must present: (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for reasoned adjudication, and (3) a legal controversy so as to sharpen the issues for judicial resolution.'" Travelers Ins. Co. v. Obusek, 72 F.3d 1148, 1154 (3d Cir. 1995) (quoting Armstrong World Indus., Inc. v. Adams, 961 F.2d 405, 411 (3d Cir. 1992)). In the absence of a case or controversy, an issue must be deemed moot, and any opinion by the Court on said issue would amount to an impermissible advisory opinion. See N.J. Dep't of Envtl. Prot. & Energy v. Heldor Indus. Inc., 989 F.2d 702, 707 (3d Cir. 1993). A legal issue becomes moot in two instances: first, when "'the alleged violation has ceased, and there is no reasonable expectation that it will recur, and [second, where] interim relief or other events completely and irrevocably eradicated the effects of the alleged violation.'" N.J. Tpk. Auth. v. Jersey Cent. Power & Light, 772 F.2d 25, 31 (3d Cir. 1985) (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)).

Courts have, however, refused to deem an action moot in the limited circumstances when the

dispute at issue is "capable of repetition, yet evading review." Porta v. Klagholz, 19 F. Supp. 2d 290, 296 (D.N.J. 1998) (citing United States v. Antar, 38 F.3d 1348, 1356 (3d Cir.1994)). The "capable of repetition, yet evading review" doctrine is limited to the situation where: "'(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again.'" Illinois State Bd. of Elections v. Socialist Workers Party, 440 U.S. 173, 187 (1979) (quoting Weinstein v. Bradford, 423 U.S. 147 (1975)). Moreover, "'[c]apable of repetition' is not a synonym for 'mere speculation;' it is a substantive term on which the moving party must provide a reasonably quantity of proof -- perhaps even by the preponderance of the evidence." N.J. Tpk. Auth., 772 F.2d at 33.

## B. Application

Both Plaintiff and Defendants agree that after Plaintiff filed this motion, Plaintiff was permitted to make the photocopies that he requested in relation to his primary action. Therefore, this Court's application of the standard governing whether to grant a preliminary injunction would amount to the issuance of an advisory opinion. Clearly, in regard to the photocopying of documents related to Plaintiff's § 1983 suit, the facts have changed since Plaintiff filed this motion. Plaintiff was indeed permitted to make the copies, and therefore, this Court concludes that "the alleged violation has ceased." N.J. Turnpike Auth., 772 F.2d at 31. The Court also concludes that there is no reasonable expectation that Plaintiff will be denied the ability to prepare material for the Court in regard to this matter in the future, and notes that speculation regarding the future denial is not enough to meet the standard imposed under the exception to the mootness doctrine. The Court

therefore dismisses Plaintiff's motion in respect to the inability to make photocopies as moot.

Plaintiff also alleges that he has sought the addresses of former employees of the ADTC so that he may subpoena them to appear as witnesses at his trial, but that he has never received the addresses. Because Plaintiff asserts that he needs the addresses to compel the former employees to appear at trial, and because this Court notes that this matter is not procedurally ready for trial, that no trial date has been scheduled, and that there still remains Defendants' motion for summary judgment that has not yet been decided, this issue is not yet ripe for consideration. For these reasons, the Court dismisses Plaintiff's motion for relief on this ground without prejudice.

Finally, Plaintiff has alleged that the staff that work at the library at the ADTC are neither experienced enough nor educated enough to adequately provide legal services. The Court simply notes this argument for the sake of completeness, and points out that Plaintiff has failed to allege with specificity what impact that his allegation has upon either this motion for an injunction or upon his case in chief. The people in the law library are not Plaintiff's attorneys. They do not represent him in this matter. The Court notes that during Plaintiff's appeal to the Third Circuit, a pro bono attorney represented Plaintiff, and that same attorney continued to represent Plaintiff after the case was remanded back to the District Court. However, Plaintiff wrote a letter dated October 3, 2007, to his attorney in which he stated that he intended to terminate him due to a disagreement that they had regarding the attorney's attempts to settle the matter. (Docket Entry No. 130.) The attorney wrote a letter dated December 3, 2007, to the Magistrate Judge, indicating that Leamer asked the attorney "to continue to represent him throughout the time that settlement negotiations are continuing" and that "his motions to relieve counsel be held in abeyance for at least as long as we continue to actively pursue settlement of this case." (Docket Entry No. 137.) The Court later issued

a letter order dated January 2, 2008, in which the Court relieved the attorney from representing Plaintiff further. (Docket Entry No. 138.) Plaintiff has proceeded as a <u>pro se</u> litigant to the present. Because Plaintiff has been able to present his grievances to the courts, and because this Court currently is considering the matter that Plaintiff has presented, and because the Court notes the law "does not guarantee inmates to transform themselves into litigating engines," <u>Lewis v. Casey</u>, 518 U.S. 343, 355 (1996), the Court concludes that Plaintiff's argument on this ground is without merit as he has neither shown actual damages.

### III.  CONCLUSION

For these reasons, the Court dismisses as moot Plaintiff's motion for a preliminary injunction regarding his inability to make photocopies, and dismisses Plaintiff's motion regarding his request for addresses of former employees of the ADTC and regarding the state of the law library at the ADTC without prejudice.

Dated: November 10, 2008

s/ Garrett E. Brown, Jr.  
GARRETT E. BROWN, JR., U.S.D.J.
